1

2      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
3                 AT TACOMA

4   LARRY SWEATT,

5              Plaintiff,

6                                              Case No. C05-5406FDB
          v.
7                                              ORDER GRANTING SUNKIDD
    SUNKIDD VENTURE, INC., dba                 VENTURES'S MOTION TO
    AMERICAN BONDED COLLECTION                 VACATE ORDER OF DEFAULT
8   SPECIALIST; and DUVALL CRAIG R, dba
    CRESTWOOD CONSTRUCTION,
9
               Defendants.
10

11        This cause of action, alleging violations of the Fair Debt Collection Practices Act, 15, U.S.C.

12   § 1692, was filed on June 20, 2005. It appears that Crestwood Construction turned Plaintiff's

13   account over to Sunkidd, a debt collection business.  The account concerned a 2002 bill for $207.90,

14   which, unbeknown to Sunkidd, Plaintiff had already paid.

15        Attorney Mario D. Parisio appeared for Defendant Craig R. Duvall on August 4, 2005.

16        After an initial assignment to a magistrate judge, the matter was re-assigned to the

17   undersigned judge on August 23, 2005.  Plaintiff, stating problems with effecting service of process

18   upon Defendant Sunkidd, was granted an extension of time of the initial action dates, to March 22,

19   2006.  Service of process was made upon Sunkidd on February 2, 2006 [Dkt. # 13, 2/8/06].

20        Plaintiff moved for default against Sunkidd on March 10, 2006, and default was entered by

21   the Clerk on March 15, 2006.  Michael Steven DeLeo appeared for Defendant Sunkidd on March

22   20, 2006.  Defendant Sunkidd moved to vacate order of default on March 23, 2006.  Plaintiff

23   opposes the motion to vacate.

24        Sunkidd moves to vacate the Default for the reasons that Plaintiff failed to give Sunkidd five

25   days notice of the intension to seek default in spite of the fact that there was correspondence

26   ORDER - 1

1  between Plaintiff's counsel and Sunkidd's Spokane attorney prior to the motion and because Sunkidd

2  has defenses to the claims.

3          Sunkidd's counsel Robert M. Dompier communicated with Plaintiff's counsel on February

4  21, 2006, indicating that Sunkidd would be defending this action and would be obtaining local

5  counsel, since Dompier was not admitted to practice in the Western District of Washington.

6  Dompier's declaration outlines the dates and efforts made to obtain local counsel, which was finally

7  effected on March 15, 2006.

8          Plaintiff Sweatt objects because Sunkidd did not file a notice of appearance.  Sweatt also

9  contends that Sunkidd has no defense and allowing it to make an appearance will only delay the

10  inevitable.

11          Sweatt's objections are not well taken.  The February 21, 2006 contact between counsel for

12  the parties and Dompier's statement that he would be helping Sunkidd obtain counsel in the

13  Seattle/Tacoma area suffices under the circumstances to reflect an intention to defend against

14  Plaintiff's charges.

15          ACCORDINGLY, IT IS ORDERED:

16          1.      Defendant's Sunkidd Venture's Motion to Vacate Order of Default [Dkt. # 20] is

17                  GRANTED and the Default entered by the Clerk [Dkt. # 18] is VACATED.

18          2.      As the dates set in the Order of February 21, 2006 [Dkt. # 14] have passed, the Clerk

19                  shall enter a new order setting deadlines for initial disclosures, Rule 26 conference,

20                  and joint status report.

21          DATED this 18th day of May, 2006.

22

23                                              _____

24                                              FRANKLIN D. BURGESS
                                                UNITED STATES DISTRICT JUDGE

25

26  ORDER - 2