UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY SWEATT,<br><br>        Plaintiff,<br><br>    v.<br><br>SUNKIDD VENTURE, INC., dba AMERICAN BONDED COLLECTION SPECIALIST; and DUVALL CRAIG R., dba CRESTWOOD CONSTRUCTION,<br><br>        Defendants. | Case No. C05-5406FDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

    Plaintiff moves for leave to amend his complaint to add libel and tortious interference claims against Crestwood.  By earlier order, Plaintiff's claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, against Defendants Duvall and Crestwood have been dismissed. Defendant argues that Plaintiff's libel and tortious interference claims must be dismissed because it is futile to add frivolous claims, and the Court agrees.

    As to the tortious interference claim, there is no showing that Crestwood knew of any alleged existing contractual relationship or business expectancy of Plaintiff, and, furthermore, Plaintiff's statement in his proposed amended complaint that he was denied a loan is inaccurate, as demonstrated by documents recently produced by LoanSource Funding, LLC: Plaintiff did receive a

ORDER - 1

loan to refinance property that he already owned. (Thompson Decl. Ex. A, and Ex. B.) He obtained the financing from LoanSource after submitting a letter that he already had from Crestwood to Sweatt dated April 7, 2004 that the "account was paid in full," ( *id.* Ex. C. and Ex. D (Disclosure Statement signed by Plaintiff August 10, 2004).

As to the libel claim, Plaintiff must prove that the allegedly libelous statement proximately caused his damages. Plaintiff alleges that both Crestwood and Sunkidd caused damages in the form of embarrassment, lowered credit scoring, lost business opportunities, denial of credit, and attorney's fees. Nevertheless, as soon as Crestwood learned of the error, it issued a letter, on April 7, 2004 indicating that the debt had been paid, and Plaintiff was able to refinance as shown above.

Under the circumstances of this case, amendment to add claims of libel and tortious interference against Crestwood must be denied.

NOW, THEREFORE, IT IS ORDERED: Plaintiff's Motion for Leave To Amend [Dkt. # 43] is DENIED.

DATED this 23rd day of August, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2